IN THE UNITED STATES DISTRICT

EASTERN DISTRICT OF ARKANSAS

WESTERN DIVISION

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

| | | |
|---|---|---|
| JIMMY PARIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. 5:08 CV-074 JMM |
| | § | |
| v. | § | |
| | § | |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| AND ARKANSAS MIDLAND RAILROAD | | This case assigned to District Judge __Moody__ |
| COMPANY, INC. | | and to Magistrate Judge __Ray__ |
| | | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JIMMY PARIS, Plaintiff, complaining of UNION PACIFIC RAILROAD

COMPANY, AND ARKANSAS MIDLAND RAILROAD COMPANY, INC., hereinafter

referred to as Defendants, and for cause of action would show unto this Honorable Court as

follows:

### PARTIES

1. Plaintiff is a railroad worker residing in the State of Arkansas.

2. Defendant, UNION PACIFIC RAILROAD COMPANY, at all times material hereto,

was and is a railroad corporation, a common carrier, and was engaged in interstate commerce

through and between the several states and doing business in the State of Arkansas.

3. Defendant, UNION PACIFIC RAILROAD COMPANY is a foreign corporation

which resides in and is subject to personal jurisdiction in the Western District of Arkansas in that

is has regular and systematic contact with this District, and offices and rail yards in this district.

4. Service of process on Defendant may be made according to the laws of the State of

5. Defendant Arkansas Midland Railroad Company, Inc. is located at 314 Reynolds Rd. Bldg 41, Malvern AR 72104-8803, and may be served through Corporation Services, 300 Spring Building, Suite 900, 300 S Spring, Little Rock, AR 72001.

## VENUE AND JURISDICTION

6. Jurisdiction in this case arises pursuant to 45 U.S.C. Section 51 et sequence, and under 28 U.S.C. §1331, in that this action arises under the Constitution, laws, or treaties of the United States, specifically the Federal Employers' Liability Act, *45* U.S.C. §51 *et. seq.*

7. Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. § 1391(b) and (c) in that Defendant UPRR resides in the Western District of Arkansas and has regular and systematic contacts with this District, and a principal place of business here, and plaintiff's injury occurred in this Judicial District; Arkansas Midland Railroad Company, Inc. does business and maintains an office in this Judicial District.

## OPERATIVE FACTS

8. The injuries complained of in this Complaint were sustained within the course and scope of Plaintiff's employment with UNION PACIFIC RAILROAD COMPANY while furthering its activities in interstate commerce between the several states, as Plaintiff, UPRR and Arkansas Midland, were mutually engaged in interstate commerce.

9. Plaintiff was injured on February 8, 2008 at the McGhee yard in McGhee, Arkansas, while attempting to throw a switch in interstate commerce, it was defective and caused him to injure his neck, low back, left shoulder, right wrist, and aggravated pre-existing injuries to these parts of his body.

road company, Inc., [ARKMID], and was not properly maintained and kept repaired by either defendant.

11. The negligence of each of the defendants, UPRR and ARKMID caused, in whole or in part, plaintiff's injuries and damages.

    a.    Pleading in the alternative, plaintiff's wrist, arm, left shoulder, neck and low back injuries are an aggravation of pre-existing conditions and injuries, worsened by the injury of February 8, 2008, due to the negligence and fault of UPRR and ARKMID railroads.

12. The injuries and damages sustained by the Plaintiff were caused, in whole or in part, by the negligence of his employer, UNION PACIFIC RAILROAD COMPANY, and by the negligence of ARKANSAS MIDLAND RAILROAD COMPANY, INC., which companies were acting through their agents, servants and employees;

13. UPRR, acting through its managers, safety department, ergonomics department, agents, and employees violated the Federal Employers' Liability Act, *45* U.S.C. §51 *et seq.*, and was negligent in the following particulars on February 8, 2008:

    a.    Failing to provide Plaintiff with a reasonably safe place to work;

    b.    Failing to properly inspect, maintain, force test, and repair switch 102 in the McGhee yard;

    c.    Failing to perform job safety analysis as recommended by OSHA Rule 3071;

    d.    Violating 29 U.S.C. section 654, in that it failed to furnish Mr. Paris a place of employment free from recognized hazards likely to cause injury, amounting to negligence per se, precluding any allegation or submission

e.  Failing to warn Plaintiff of the risks of harm to which he was exposed;

f.  Failing to inspect the switches in the McGhee yard, knowing that excessively hard to throw switches cause injuries;

g.  Failing to promulgate, issue, circulate, and/or enforce adequate switch inspection and maintenance rules to keep the equipment working in conformity with UPRR standards, and AAR recommendations; and,

h.  Knowingly and negligently assigning Plaintiff to continue to throw switches that were not properly maintained and to do work that it knew or should have known would cause injuries.

14.  Each claimed incident and injury was caused by the negligence and/or fault of Defendants, and Plaintiff claims the following damages:

    a.  Permanent injuries and permanent impairment to his back, neck, shoulders, wrists, and arms, hands, and the involved connective tissues, ligaments, discs, nerves, and other parts of his body. These injuries are permanent in nature.

    b.  Plaintiff is claiming past, present and future:

        1.  Physical pain and suffering and mental anguish;

        2.  Loss of earnings and benefits, a loss of seniority time, past and present lost wages and benefits, and a permanent loss of earning capacity;

4. Costs for medical, surgical, hospital, pharmaceutical, and physician care, all as a result of the negligence and/or fault of the Defendant, for which he seeks damages;

5. Loss of enjoyment of life.

WHEREFORE, PREMISES CONSIDERED, Plaintiff JIMMY PARIS requests that Defendants Union Pacific Railroad Co. and Arkansas Midland Railroad Company, Inc. be summoned to appear and answer, and that upon final trial, judgment be rendered against Defendants UNION PACIFIC RAILROAD COMPANY and ARKANSAS MIDLAND RAILROAD COMPANY, INC., and they be held liable jointly and severally, for compensatory damages in an amount not less than $1,000,000.00, plus pre-judgment and post-judgment interest at the legal rate, and for all costs of court. Plaintiff would further pray for any such other relief, both at law and in equity, to which he may show himself justly entitled. PLAINTIFF DEMANDS TRIAL BY JURY.

Dated: March 18, 2008.

Respectfully submitted,

MORGAN & CHADICK, LLP
P.O. Box 38
Comfort, TX 78013
Telephone (830) 995-2464
Facsimile (830) 995-2728

By: _____
S. Reed Morgan, TSB #14452300
Federal ID #6080
And

Morgan & Chadick, LLP
225 West Baraque
Pine Bluff, AR 71601
Telephone (870) 536-5110
Facsimile (870) 536-5629

ATTORNEYS FOR PLAINTIFF